May it please the Court. Good morning, Your Honors. I'm Lisa Chandra, representing Appellant James Ray Brown. I'd like to reserve two minutes for rebuttal. There are three issues here. First, Mr. Brown meets both relitigation requirements under Section 2254d. Second, he made a prima facie claim for ineffective assistance of counsel in his state habeas proceeding. And third, he is I want to ask you about the evidentiary hearing issue first, if I may. Yes, Your Honor. What evidence could be adduced at that hearing that would be relevant to the claim? And here's my – let me just spin out what I'm thinking about. The petition says, my lawyer told me not to take the plea deal because with the recantations I was going to either walk or get a hung jury. And what could be adduced at an evidentiary hearing that would assist your client? I mean, it's possible the lawyer will say, yes, I told him that, which is right where we are now. Or the lawyer might say, no, I never said any such thing. He totally misunderstood me. Or the lawyer could say, yes, but let me explain why I made that choice. So what would be helpful to your client, potentially, in an evidentiary hearing? Well, as you just said, it would be an opportunity to see what the attorney has to say about it. There would be an opportunity for the petitioner to further explain what happened to support his claim. But right now, he had – I guess what I'm suggesting to you is right now, he has the right to say, yes, he says, the lawyer told me not to take it, and we have no contradiction from the lawyer. Isn't that the best possible factual scenario for him? It is. And, Your Honors, this Court actually, sua sponte, certified the issue of whether or not he was entitled to an evidentiary hearing. And so primarily my argument is to answer that, yes, legally he is entitled to an evidentiary hearing because he was diligent under the prior message. Okay. But it sounds like you don't disagree with what I'm saying, that it's hard to imagine how the facts could get better for him. Yes, Your Honor. Okay. Well, then – then we're left with the claim that the State court was unreasonable in its application of Strickland. Yes. Would you spin out why we would have to find, as a matter of law, really, that there was an unreasonable application of Strickland, given the facts that we've just been talking about? I'm sorry, I'm not – Well, why is that? The State court essentially said the advice to reject the plea deal was a reasonable tactical choice because the recantation has significantly undermined the possibility of a conviction. Why is that an unreasonable application of Strickland? Well, it's subjectively unreasonable because any advice that's based on an erroneous statement of the law, which here the erroneous statement was that this previous inconsistent statement couldn't be used in court when, in fact, they could under evidence code section, I believe it's 1235. And so in order for the court to find that this was a reasonable trial tactic, they had to have found that trial counsel did not, in fact, make the statements that the Petitioner alleged that he did. And so it's objectively unreasonable what was done under the deficiency prong of Strickland. Excuse me. I think I have a different understanding of his petition. You just said that the lawyer told him that the witness's previous testimony could not be used, but what he said was counsel did not advise Petitioner that this evidence could be used, which is an omission. And I – well, there's a difference between an omission, he didn't tell me about that problem, versus an affirmative misstatement. I'm – perhaps I'm mischaracterizing it. The actual quote is that he could not be convicted at trial because witnesses had recanted their incriminating statements, and at worst he would get a hung jury. My understanding of that is that he's saying that those statements can't be used. That's how I understand it. Well, but then he goes on to say counsel failed to advise Petitioner he could still be convicted based on the witness's prior statements. So it's really an omission. Counsel said, you're in great shape. These guys have recanted. End of discussion. So where's the misstatement of law as opposed to over-optimism, if you will, which is what the State court understood? I – Your Honor, I think we're reading it differently. I just see it as he misinformed him that – that witnesses will then identify the perpetrator, the shooter, at a scene to the police officers and then subsequently recant. And generally, in my experience, what the district attorneys do is they present the officer to testify to the prior statement. So the way that I read the record is that the defendant is saying what the Petitioner is saying, that counsel told me that because the witnesses had essentially gone sideways on the prosecution, there's no way I could be convicted, and that the worst thing that could happen is that I would get a hung jury. Is that your reading of the record as well? My reading of the record is, as I said before, that he's saying that their previous testimony isn't invisible and can't – Well, that's an inference. As Judge Graber pointed out, I don't think counsel ever said, oh, well, now that the witnesses have recanted, the prosecution is left with no witnesses and no evidence. The inference is that counsel may have not understood the fact that the prosecution can call the investigating officer and bring the prior inconsistent statements of the witnesses who identified Petitioner as the shooter and ask substantive evidence for the jury to consider. And that's how he was convicted. So what he's saying is that my lawyer told me because the witnesses had already recanted, now I can't be convicted, and the worst thing that could happen to me is a hung jury. And so as the case progressed, the prosecution's offer got better and better. So in some sense, that kind of corroborates his feeling that there's no way he could get convicted, because the evidence has gotten worse and worse, and the prosecution's offer got better and better until ultimately on the eve of trial, they offered him a four-year deal. Am I understanding the record correctly? Yes, I believe it was the morning of just before trial. Let me ask you this. Petitioner does twice, I believe, in his petitions say, well, I was told the worst that would happen is a hung jury. If there could be no evidence implicating him, how could there be a hung jury? Doesn't that suggest that it was pretty clear that there would be evidence against him in addition to the recantation? Otherwise, why a hung jury and not an automatic acquittal? Well, I mean, what I would say about the Petitioner is he's 19 years old, unsophisticated, and I don't know that he would understand that kind of subtlety. Well, I'm not asking him to understand it. I'm asking you what the implication is of his saying there's a hung jury. It's not that the lawyer didn't know that there'd be evidence against him. It's just that he was really hopeful. I think the implication is that he couldn't be convicted at this trial. There's a possibility. Or there would be a hung jury, which means that there would be some evidence against him. But the end result would be the same, that he would not be convicted at that trial. The ambiguity is obvious, but what is not ambiguous is, according to the Petitioner, is that the lawyer effectively guaranteed him a nonconviction, if you will, notwithstanding this reference to a hung jury and what you and I and everyone in the courtroom knows what that means. He was guaranteed. Now, let me ask you a question. Throughout this entire litigation in the State and before the district court, is there anything in the record about the lawyer and his input, anything about an effort to obtain information or testimony or an affidavit from the lawyer to confirm this business about a guarantee? No, Your Honor. The only evidence is the declaration that was submitted as part of the original State petition. And your position is that because the declaration creates the conflict, you're entitled to a full evidentiary hearing? Put the lawyer on the stand, put the Petitioner on the stand and have at it. That's what you – that's the relief you're seeking? Yes, because he makes a prima facie claim, which is all that was required in the State court, yes. I see that I'm out of time, Your Honor. You are, but I'll give you another minute for rebuttal since we've eaten up a lot of time with our questions. Thank you. Good morning. May it please the Court. Justin Riley on behalf of the Warden. Mr. Riley, can I just get right at it? Because I think I recall in your brief, if memory serves me, somewhere around page 24, you conceded that if the lawyer in fact guaranteed this young man that he would not be convicted, then the Strickland first prong has been satisfied. Did I misread that? If he guaranteed that he could not be convicted. That's true. Legally, he could not be convicted. That's right. Don't worry about it. You can't be convicted. These witnesses have recanted. You cannot be convicted. Okay? If he said to the Petitioner. Take a shot. In effect, this is what the upshot of the Petition. You can take a shot here because you can't be convicted in light of the recantations. I didn't mean to make that concession. I'm looking at page 24 and 25 now, and I don't. Okay.  So you don't concede it. I'll see if I can find it for you. No, but if when the State Superior Court on Collateral Review was attempting to construe this claim and doing so liberally consistent with California law, it looked at the language of the petition, and there were two possible interpretations. Counsel advised me that there was no legal basis for my conviction.  Or consistent with the record, the claim could be I wouldn't be convicted. The lawyer said, based on my legal expertise, I can convince at least one juror that you won't be convicted. Now, let me start first with the could interpretation. Remember, there is no legal basis to support a conviction. There are four reasons why such an interpretation of the claim is completely outside the bounds of reason. It's internally inconsistent with Hump. By that, I mean the advice was you'll either be acquitted or the jury will be hung. They can't coexist. Either there's no legal basis or some juror could find a legal basis for a conviction. Second, counsel and the court explained to Petitioner in the days preceding the rejection of the plea these things. At excerpts of record 95, trial counsel said he understands, speaking to the court, he understands that potentially he could go to prison. That's at lines 21 and 22. At lines one and two, trial counsel says to the court, Petitioner needs to consider the possibility of conviction. He needs to talk to his family. Then we go to page 100 of the excerpts of record. The court now speaking to Petitioner, you know what you have at stake here, life in state prison. Then he says to Petitioner, just seconds before Petitioner decides to go to trial, the court says, you've had a chance to talk to your attorney and family last night, right? Yes. You know that you're facing life in state prison at lines 21 and 22 at page 103. Yes. You've had a chance to talk to your attorney about what you have at risk. And then tellingly on page 104, the court says, you understand the people's offer, defendant, yes. The court, and you know you have at risk life in prison if you are convicted of everything, the defendant. Yes. Kagan, in looking at that transcript, counsel, I think you're quoting things slightly out of context, because wasn't this whole discussion and colloquy with the court in the context of discussing the plea deal? So when the court advised him that you could go to prison, he's talking about you could go to prison if you accept this 4-year deal. At one point, that's what counsel said. But the other points were, if you go to trial, you could be convicted. That's where the life comes into it. If you take the plea deal, you're not going to go to prison for life. At pages 103 and 104, the court is specifically telling the petitioner, if you go to trial, then you will get life in prison. None of the plea agreements involve life in prison. With this in mind, it's clear, painstakingly clear, that both the trial counsel and the court are telling petitioner, if you go to trial, you could be convicted. So now let's fast forward to the collateral review petition in the Superior Court. The Superior Court is having to construe the claim that is before us today. Was petitioner saying, everybody was telling me I could not be convicted, there is no legal basis? Obviously not. He's been told by both his trial counsel and the court, on the record, if you go to trial, you are facing conviction. That's completely inconsistent with, I cannot be convicted, there's no legal basis for it. There's more reason for that. I'm sorry, go ahead. You're relying on your statement, if you go to trial, you would be convicted on page 104 of the transcript where the court says, what you have at risk is life in prison if you are convicted of everything. That's right. And on 103, it is also true that if you get life in state prison, you could very well get exactly that. Do you understand what you have at risk? Yes, that's on pages, I'm sorry, on lines 22 through 25 of 103. Is that inconsistent with counsel's representation to this petitioner that, look, the witnesses have recanted, you could not be convicted. The worst thing that will happen to you if you go to trial is you'll get a hung jury. Then the petitioner appears in court, the court is essentially presenting what the court thought, obviously, was a very favorable offer of four years. Yes. And the court's telling you, look, your maximum exposure is life in prison if you're convicted of these charges. Does that in any way contradict his representations that counsel told him the worst thing that could happen to him is he'll get a hung jury? No. And that's exactly my point. The state court did not interpret the claim as there is no legal basis for the conviction or you could not be convicted. The state court interpreted the claim as you will not be convicted, or here's what the advice probably sounded like. The witnesses against you have recanted. There are no more eyewitnesses against you. I think I can convince at least one juror, i.e. a hung jury, that they should acquit you. Isn't that so? So based on my experience, I don't think a jury will convict you. That's completely different from there is no legal basis for your conviction. Isn't this a little disquieting? You're standing there telling us this is what the advice probably sounded like. Why is there no impulse to seek input from trial counsel? The first thing you get when you get a petition of this sort is to reach out for trial counsel and to get an affidavit, something of that sort. We're all speculating here as to what was said to a 19-year-old. One thing we know from the petition, uncontradicted, is you will not be convicted. So all these admonitions, all this fire and brimstone from the district court, from good faith, it's of no consequence whatsoever, because he's sitting there with a get-out-of-jail-free card, at least in his mind. Where is the input? Why not? Why do we speculate? I agree with you. I have curiosity. I'd like to know what trial counsel actually said. It would be interesting for me to hold an evidence to your hearing. However, in practical – in practice, a State court cannot be required with the tens of thousands of convicts yearly in California to hold an evidence to your hearing every time that the petition isn't crystal clear on the case. Well, an evidence to your hearing with live testimony is one thing. But if the attorney had supplied an affidavit that went something along the lines that you hypothecate, it seems to me the trial court might very well be justified under the law of this circuit and many circuits to resolve the matter then and there without the necessity of a full-blown evidence to your hearing. I completely agree, and there should have been a declaration. Unfortunately, it's the Petitioner's burden. After conviction, the burden lies with the Petitioner, and even more so here in Federal Court, for the Petitioner to prove the case. And California law is crystal clear on the issue. When you present a petition, give me all your evidence. Be crystal clear. Your life is at stake. And so if a Petitioner presents a vague petition, the court will go through the record, as I have suggested, and try to construe the claim liberally. And the Superior Court on Collateral Review, when faced with this claim, could not interpret the claim as the advice being there is no legal basis for your conviction. Instead, as the court did, it applied Strickland to a claim that the attorney advised the Petitioner not to take the plea because a jury would not convict you based on the lack of evidence. Well, that's the real problem with your arguments. You've got a Petitioner who has emphatically and unequivocally indicated that his trial counsel essentially guaranteed that the worst thing that could happen to him, given the recantation of the witnesses, is that he'd get a hung jury. And it would behoove the State in that circumstance to submit a declaration to trial counsel saying there's no way on earth I would have given him that sort of guarantee. And so because that didn't happen, we don't have anything in the record but the Petitioner's statements under penalty of perjury, that that's what he was guaranteed by counsel. And the State is saying that now he's not entitled to an evidentiary hearing. Is that the State's position? Yes. That the record can no longer be supplemented. He had the burden on the State court to make clear allegations and present all evidence and all possible evidence and even ask for an evidentiary hearing, frankly, which he didn't. Here's the problem. If we just look at the Petitioner, if we just look at the petition, it is disturbing. Oh, trial counsel guaranteed a hung jury? Guaranteed. No. We look at that consistent with the record. And in the record, I showed you that both trial counsel and the trial court said you can be convicted. If you are convicted, you will face life in prison. So this guarantee that Petitioner has in his petition must be read in light of the record and consistent with the record. And what he said specifically that he understood to be the case. I, if I go to prison, I'm sorry, if I go to trial, can be convicted and I will be facing life in prison. He said that on the record and that cannot be consistent with a guarantee that you will receive a hung jury. It's just contrary to the record. Thank you, counsel. You've exceeded your time. Thank you. But you may have some rebuttal time. I just want to make three points. First, is that contrary to what counsel just said, is not that under California rules of court, it's not the Petitioner, it's the court that's required to initiate the evidentiary hearing process. So there was no real mechanism in place for Mr. Brown to do so. Secondly, even though his petition made a prima facie claim, which is what is required in the state court, the state court never issued an order of an order to show cause asking the respondent to file a return. That would have been an opportunity to clarify some of these issues. The state never took that step. And thirdly, the evidence before the state court was that the Petitioner in his declaration accompanying his petition stated emphatically that he rejected the plea offer in reliance on his counsel's advice that, and he believed that there was no possibility that he could be convicted at trial. Thank you, Your Honor. Thank you, counsel. We appreciate very much both of your arguments. They've been very helpful. The case is submitted.
judges: Dearie, Graber, Nguyen